IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMAR GASTON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Civil Action No. 22-465 ) |
| THE WASHINGTON OBSERVER REPORTER and SCOTT BEVERIDGE, | ) ) ) ) |
| Defendants. | ) ) |

**REPORT AND RECOMMENDATION**

**I.      Recommendation**

It is respectfully recommended that the motion for leave to proceed in forma pauperis be denied pursuant to 28 U.S.C. § 1915(e)(2)(B), the motion to excuse statute of limitation be denied as moot, and that the case be marked closed.

**II.     Report**

**A.      Background**

Plaintiff Jamar Gaston ("Gaston") submitted a defamation and negligence action on March 17, 2022, which was accompanied by neither the $402 filing fee nor a motion to proceed in forma pauperis ("IFP"). (ECF No. 1.)  Therein, he indicated that he wished to sue Defendants Scott Beveridge and The Washington Observer Reporter (collectively "Defendants") for "defamation/ slander/ libel" and "negligence."  (*Id.*)  He alleges on October 30, 2019, Defendants Scott Beveridge published a news article in the Washington Observer Reporter suggesting that Gaston had engaged in criminal conduct. (*Id.* ¶ 3.)  The charges, however, were ultimately nolle prossed on July 10, 2020, after the purported victim refused to prosecute the criminal action. (*Id.* ¶ 4; ECF No. 1-3.)

Thereafter, on September 23, 2020, Gaston sent a "cease and desist" letter to Defendants

advising them he had been falsely accused and assaulted by the Charleroi Police Department and requested that the news article about him be removed from the Washington Observer Reporter's website. (*Id.* ¶¶ 4-5.) On December 3, 2020, Defendants updated the post; however, according to Plaintiff, the false accusations were not removed. (*Id.* ¶ 5.) Gaston's complaint was signed and dated on October 5, 2021. (ECF No. 1.)

On March 18, 2022, the Court received an application to proceed IFP in which Gaston represents he is financially unable to pay the filing fee. (ECF No. 2.) Unlike the Complaint, this application was signed and dated on March 28, 2022. (*Id.*)

Twelve days later, Gaston filed a Motion to Excuse Statute of Limitations. (ECF No. 5.) Therein, he represents that he attempted to initiate this civil action on October 5, 2021. (*Id.*) However, unbeknownst to him, the Clerk of Courts never "filed" his complaint. It was not until two months later that he learned his complaint was never lodged. Given the Clerk's oversight and the fact he has had ongoing issues with the Clerk of Courts and the U.S. Marshals in this case as well as his other cases, he requests that this Court "excuse" the period for the statute of limitations. (*Id.*)

**B.    Legal Standard**

Because he is proceeding in forma pauperis his claims are subject to the screening provisions of 28 U.S.C. § 1915(e). The statute provides in relevant part:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal--
>
>   (i) is frivolous or malicious;
>
>   (ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The Court of Appeals has noted that non-prisoner indigent plaintiffs are "clearly within the scope of § 1915(e)(2)." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 113 n.19 (3d Cir. 2002). *See Rose v. Guanowsky*, No. 21-3280, 2022 WL 910341 (3d Cir. Mar. 29, 2022). Thus, the Court must screen the complaint to determine if it is frivolous or fails to state a claim upon which relief may be granted.

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The determination of whether a complaint fails to state a claim upon which relief may be granted is governed by the same standard applicable to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *D'Agostino v. CECOM RDEC*, 436 F. App'x 70, 72 (3d Cir. 2011) (citing *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)). Additionally, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Therefore, when screening a complaint, a court must determine whether it has subject matter jurisdiction over the case. *Lemmons v. Harrington*, Civ. A. N. 1:21-c-52, 2021 WL 7186783 (W.D. Pa. Dec. 10, 2021).

Federal courts are courts of limited jurisdiction "defined (within constitutional bounds) by federal statute." *Badgerow v. Walters*, __ U.S. __, No. 20-1143, 2022 WL 959675, at *4 (2022) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). District courts have jurisdiction over "two main kinds of cases," diversity cases and cases involving a federal question. *Id.* Diversity cases are "suits between citizens of different States as to any matter valued at more than $75,000." *Id.* Federal question cases are those that arise under federal law. *Id.* "Typically, an action arises under federal law if that law 'creates the cause of action asserted.'" *Id.* (quoting *Gunn v. Minton*, 568 U. S. 251, 257 (2013)).

Although Gaston pleads the amount in controversy exceeds $75,000, he also represents that both he and the defendants are residents of Pennsylvania. (ECF No. 1.) Accordingly, diversity jurisdiction does not exist here. Moreover, the only theories on which Gaston relies, defamation (libel/slander) and nuisance, are state theories of recovery and do not raise a federal question.

Because the Court lacks jurisdiction over Gaston's claims, this action must be dismissed. Given the nature of the claims asserted and the absence of diversity jurisdiction, amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 113-14 (3d Cir. 2002). However, dismissal should be without prejudice so that Plaintiff may assert these claims in state court if he chooses to do so.

Moreover, because this Court lacks subject matter jurisdiction over this action, Gaston's Motion to Excuse Statute of Limitations should be denied as moot with the caveat that Gaston be permitted to reassert his motion in state court. In so recommending, the Court takes no position on its merits.

### C.    Conclusion

For the foregoing reasons, it is recommended that this action be dismissed for lack of jurisdiction, without prejudice to Gaston's right to proceed in state court, if and as appropriate. It is further recommended that the Court deny as moot Plaintiff's Motion to Excuse the Statute of Limitation. The Clerk should be directed to terminate this case.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties are allowed fourteen (14) days from the date of this Report and Recommendation to file objections to the Report and Recommendation. Failure to file timely objections will waive the right to appeal. *Brightwell v. Lehman*, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

Dated: April 5, 2022             s/Patricia L. Dodge
                                                           PATRICIA L. DODGE
                                                           United States Magistrate Judge

cc:    Jamar Gaston
        862 Beach Street
        Apt. 323
        Washington, PA 15301